IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON  DIVISION

| | |
|---|---|
| Builders  FirstSource – Southeast Group, LLC, | C/A No. 2:20-cv-00654-RMG |
| Plaintiff, | |
| v. | **DEFENDANT ARCH SPECIALTY INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Arch  Specialty  Insurance  Company  and Western World Insurance Company, | |
| Defendants. | |

Defendant Arch Specialty Insurance Company ("Arch"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Builders FirstSource – Southeast Group, LLC ("Plaintiff") herein as follows:

## FOR A FIRST DEFENSE

1.     Each and every paragraph of Plaintiff's Complaint not hereinafter specifically admitted, qualified, or explained is denied.

2.     Arch states the allegations contained in Paragraph 1 of the Complaint crave reference to the allegations of the Complaint, which Arch states speak for themselves.  To the extent the allegations contained in Paragraph 1 are inconsistent therewith, Arch denies those allegations.

3.     Arch states the allegations contained in Paragraph 2 are legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations contained in Paragraph 2.

4.      Arch states the allegations contained in Paragraph 3 are legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations contained in Paragraph 3.

5.      Arch is without sufficient information or knowledge regarding the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies those allegations.

6.      Arch states that it is now an insurance company organized and existing under the laws of the State of Missouri and that it has issued policies of insurance in the State of South Carolina.  Arch denies the remaining allegations contained in Paragraph 5.

7.      Arch is without sufficient information or knowledge regarding the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies those allegations.

8.      Arch states the allegations contained in Paragraph 7 of the Complaint crave reference to policy number AGL0011184-00, which Arch states speaks for itself, and denies any allegations contained in Paragraph 7 inconsistent therewith.

9.      Arch states the allegations contained in Paragraph 8 of the Complaint are not directed to Arch, and therefore, do not require a response.  To the extent a response is required, Arch states the allegations contained in Paragraph 8 of the Complaint crave reference to policy numbers NPP1334835, NPP1354747, and NPP1379743, which Arch states speak for themselves.

10.     Arch states the allegations contained in Paragraph 9 of the Complaint crave reference to the complaint filed in the Underlying Action, which Arch states speaks for itself, and denies any allegations contained in Paragraph 9 inconsistent therewith.

11.     Arch states that Paragraph 10 of the Complaint does not require a response from Arch.  To the extent a response is required, Arch states that the allegations crave reference to Exhibit C of the Complaint and Plaintiff's pleadings filed in the Underlying Action, which Arch

states speaks for themselves, and denies any allegations contained in Paragraph 10 inconsistent therewith.

12.     Upon information and belief, Arch denies the allegations contained in Paragraph 11 of the Complaint.

13.     Arch states the allegations contained in Paragraph 12 of the Complaint ae legal conclusions to which no response is required.  To the extent a response is required, Arch states the allegations contained in Paragraph 12 crave reference to the above-referenced policies, which Arch states speak for themselves, and denies any allegation inconsistent therewith.

14.     Arch denies the allegations contained in Paragraph 13 of the Complaint insofar as the allegations relate to Arch.

15.     Arch states the allegations contained in Paragraph 14 of the Complaint crave reference to the letter dated June 29, 2018, which Arch states speaks for itself, and denies any allegations inconsistent therewith.

16.     Arch states the allegations contained in Paragraph 15 of the Complaint do not require a response from Arch.  To the extent a response is required, Arch states that the allegations contained in Paragraph 15 crave reference to the letter dated July 10, 2019, which Arch states speaks for itself.

17.     In response to Paragraph 16 of the Complaint, Arch incorporates its responses to Paragraphs 1 through 15 of the Complaint as if fully stated here.

18.     Arch denies the allegations contained in Paragraph 17 of the Complaint insofar as the allegations relate to Arch.

19.     Arch is without sufficient information or knowledge regarding the allegations contained in Paragraph 18 of the Complaint insofar as the allegations relate to Arch and therefore denies the allegations contained in Paragraph 18.

20.     Arch is without sufficient information or knowledge regarding the allegations contained in Paragraph 19 of the Complaint insofar as the allegations relate to Arch and therefore denies the allegations contained in Paragraph 19.

21.     Arch denies the allegations contained in Paragraph 20 of the Complaint.

22.     Arch denies the allegations contained in Paragraph 21 of the Complaint, including subparts (a) through (m) and denies that Plaintiff is entitled to any of the relief requested in Paragraph 21.

23.     In response to Paragraph 22 of the Complaint, Arch incorporates its responses to Paragraphs 1 through 21 of the Complaint as if fully stated here.

24.     Arch states the allegations contained in Paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations contained in Paragraph 23.

25.     Arch states that the allegations contained in Paragraph 24 of the Complaint do not relate to Arch, and therefore no response is required.  To the extent a response is required, Arch states the allegations in Paragraph 23 are legal conclusions to which no response is required.

26.     Arch denies the allegations contained in Paragraph 25 of the Complaint insofar as the allegations relate to Arch.

27.     In response to Paragraph 26 of the Complaint, Arch incorporates its responses to Paragraphs 1 through 25 of the Complaint as if fully stated here.

28.    Arch states the allegations contained in Paragraph 27 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations contained in Paragraph 27 insofar as the allegations relate to Arch.

29.    Arch states the allegations contained in Paragraph 28 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Arch denies the allegations contained in Paragraph 28 insofar as the allegations relate to Arch.

30.    Arch denies the allegations contained in Paragraph 29 of the Complaint insofar as the allegations relate to Arch.

31.    Arch denies the allegations contained in Paragraph 30 of the Complaint insofar as the allegations relate to Arch.

32.    Arch denies the allegations contained in Paragraph 31 of the Complaint and denies that Plaintiff is entitled to any of the relief requested therein insofar as the allegations relate to Arch.

33.    Arch denies the remaining allegations in the Complaint including allegations contained in the paragraph beginning with "WHEREFORE" and denies that Plaintiff is entitled to any of the relief requested therein.

## FOR A SECOND DEFENSE

34.    Arch denies all allegations not specifically admitted.  In addition, Arch denies Plaintiff is entitled to the requested declaration.

## FOR A THIRD DEFENSE

35.    Plaintiff's cause of action fails to state a claim against Arch upon which relief can be granted, and therefore its Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FOR A FOURTH DEFENSE

36.    Plaintiff's claims are barred per the terms and conditions of the above-referenced policy issued by Arch to the named insured.

## FOR A FIFTH DEFENSE

37.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to give to Arch adequate notice of a claim or failed to comply with any condition precedent.

## FOR A SIXTH DEFENSE

38.    Plaintiff's claims are barred, in whole or in part, because the Underlying Action referenced in the Complaint are not covered claims pursuant to the terms of the policy issued to Arch's insured.

## FOR A SEVENTH DEFENSE

39.    Plaintiff's claims are barred, in whole or in part, because, the Underlying Action currently referenced in the Complaint is not an "occurrence" under the policy.

## FOR AN EIGHTH DEFENSE

40.    Plaintiff's claims are barred, in whole or in part, because the damages alleged in the Underlying Action did not occur during the policy period.

## FOR A NINTH DEFENSE

41.    Plaintiff's claims are barred, in whole or in part, because the claim and the damages alleged in the Underlying Action fall within an exclusion in the policy issued to Arch's insured such that coverage is not available.

## FOR A TENTH DEFENSE

42.    Plaintiff's claim for prejudgment and post judgment interest is not supported by South Carolina law or contract and there is no liquidated amount or any judgment in existence.

## FOR AN ELEVENTH DEFENSE

43.    To the extent that any policy issued by Arch to its named insured is determined to provide coverage to Plaintiff as an additional insured, Arch's defense and/or indemnity obligations, if any, must be limited to its "time on risk" for such policy.

## FOR A TWELFTH DEFENSE

44.    The facts not having been developed, Defendants present the following additional affirmative defenses: assumption of risk, contributory negligence, estoppel, fraud, illegality, laches, res judicata, waiver, statute of limitations, ratification, unclean hands, and any other matter constituting an avoidance or affirmative defense as may be shown by the facts in this cause.

## FOR A THIRTEENTH DEFENSE

45.    Plaintiff's claim is not supported by South Carolina law or the terms of the policy at issue.

## FOR A FOURTEENTH DEFENSE

46.    Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Arch could be submitted to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Arch can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is in violation of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive

damages violates Arch's right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills Arch's exercise of that right; Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed, Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, Plaintiff's claim for punitive damages should be dismissed.

## FOR A FIFTEENTH DEFENSE

47.    Plaintiff's claim for punitive damages is subject to S.C. Code § 15-32-520 and Federal Rule Civil Procedure 42(b).

## FOR A SIXTEENTH DEFENSE

48.    Arch adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group*, 532 U.S. 923 (2001); and *State Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## FOR A SEVENTEENTH DEFENSE

49.    Plaintiff has failed to mitigate, avoid, and reduce any alleged damages.

## FOR AN EIGHTH DEFENSE

50.    Plaintiff's claims are not ripe, and Plaintiff has not incurred any damages.

**FOR A NINETEENTH DEFENSE**

51.    Arch reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to it that may become applicable through discovery and during the trial of this cause.

WHEREFORE, having fully answered Plaintiff's Complaint, Arch prays that the Complaint be dismissed with prejudice, that the Court enter an Order finding that Arch owes no duty to defend or indemnify Plaintiff in connection with the Underlying Action referenced in the Complaint, that the Court awards Arch the costs of this action, and for such other and further relief as the Court deems just and proper.

GALLIVAN, WHITE & BOYD, P.A.

By:    *s/Janice Holmes*
    Janice Holmes (Fed Id. No. 11366)
    Shelley S. Montague (Fed Id. No. 7587)
    GALLIVAN WHITE & BOYD, P.A.
    1201 Main Street, Suite 1200
    Post Office Box 7368
    Columbia, South Carolina 29202
    jholmes@GWBlawfirm.com
    smontague@GWBlawfirm.com
    Telephone: (803) 779-1833
    Facsimile: (803) 779-1767

    Attorneys for Defendant Arch Specialty Insurance Company

Columbia, South Carolina
February 7, 2020