**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Builders FirstSource – Southeast Group, LLC, ) | Civil Action No. 2:20-654-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Arch Specialty Insurance Company and Western ) | |
| World Insurance Company, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff Builders FirstSource – Southeast Group, LLC's ("BFS") motion to amend complaint (Dkt. No. 19). For the reasons set forth below, Plaintiff's motion is granted.

### I.     Background

This action arises out of a construction defect case brought against BFS in Charleston County, South Carolina.

BFS was sued in a construction defect case styled *Six Fifty Six Owners Association, Inc., et al. v. Windsor South, LLC, et al.*, brought in the Court of Common Pleas for Charleston County, South Carolina as case number 2016-CP-10-03455 (the "Underlying Action"). BFS supplied and installed windows and doors for a townhouse community in Mount Pleasant, South Carolina. BFS claims the allegedly faulty work attributed to it was in-fact performed by its subcontractors—proposed defendants Charleston Exteriors, LLC and Hurley Services, LLC ("Hurley").

In the Underlying Action, BFS brought a third-party complaint against both Charleston Exteriors and Hurley for contractual indemnity, breach of express and implied warranties, breach

1

of contract, and negligence.[1] *See* (Dkt. 23-1 at 1-2). BFS's "cross-claims [against Hurley] allege that [BFS] are entitled to be indemnified in the amount which BFS 'may pay in satisfaction'" of the Underlying Action's plaintiffs' claims "plus [BFS's] costs for defense, inclusive of attorneys' fees, without regard for the fault of either Hurley or Builders First-Source." (*Id.*).

On December 30, 2019, with the Underlying Action still pending, BFS brought the instant suit against Defendants Arch Specialty Insurance Company ("Arch") and Western World Insurance Company ("Western World").[2] BFS alleges said entities issued insurance policies to Hurley and Charleston Exteriors, respectively, and that BFS qualifies as an additional insured under said policies. (Dkt. No. 1-1 ¶¶ 8-12). BFS alleges that it contacted both Arch and Western World regarding the Underlying Action and "requested that each provide defense and indemnity with respect thereto." BFS continues that while Arch "agreed to defend BFS . . . [it] has neither provided a defense nor reimbursed BFS for costs incurred by it in defending the Underlying Action." (*Id.* ¶¶ 13-14). And while "Western World acknowledged that BFS is an additional insured under one or more of the Western World Policies [it] wrongfully and in breach of its policy obligations denied any coverage to BFS and refused to provide a defense to BFS of the Underlying Action." (*Id.* ¶ 15). BFS thus seeks a declaratory judgment that Arch and Western World "owe[] a duty to defend BFS as an additional insured under their respective Policies from any and all claims asserted against BFS in the Underlying Action" and that "[t]hat the damages and/or claims referenced in the Underlying Action filed against BFS by any party therein represent covered

---

[1] The plaintiffs in the Underlying Action ultimately made Hurley a direct defendant and BFS then asserted its previously filed third-party claims as crossclaims against Hurley. (Dkt. No. 23-1).
[2] BFS filed the instant action in South Carolina state court, (Dkt. No. 1-1), and Arch and Western World timely removed, (Dkt. No. 1).

2

losses under the Arch Policy and Western World Policies . . . ." (*Id.* ¶ 21). BFS also brings related causes of action for breach of contract and bad faith.

On June 2, 2020, BFS timely moved to amend its complaint. (Dkt. No. 19). BFS seeks to add Charleston Exteriors and Hurley as defendants and to bring a cause of action against said entities for breach of contract. BFS alleges that if Arch and Western World successfully disclaim a duty to indemnify or defend BFS, Charleston Exteriors and Hurley would be in breach of subcontracts both have with BFS. Said subcontracts allegedly require Charleston Exteriors and Hurley to "to provide insurance to BFS as an additional insured on insurance policies they were required to maintain" for the building work litigated over in the Underlying Action. (*Id.* at 5, 9). BFS also seeks to add allegations against Arch and Western World for reimbursement of the settlement BFS reached with the plaintiffs in the Underlying Action. (*Id.* at 3).

On June 23, 2020 Arch and Western World filed an opposition to BFS's motion. (Dkt. No. 23). BFS filed a reply on July 14, 2020. (Dkt. No. 26). BFS's motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, after the time has passed to amend a pleading as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a) is a "liberal rule [that] gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). However, "[m]otions to amend are committed to the discretion of the trial court." *Keller v. Prince George's County*, 923 F.2d 30, 33 (4th Cir. 1991). Specifically, the "district court may deny a motion to amend when the

amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assoc.*, 602 F.3d 597, 602-03 (4th Cir. 2010).

"Leave to amend [ ] should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "If an amendment would fail to withstand a motion to dismiss, it is futile." *Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012); *see also United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal quotation marks and citations omitted). "Therefore, if any new well-pleaded facts are asserted in the new proposed complaint, but they fail to show that the plaintiff is entitled to relief, the court should deny the motion for leave to amend." *In re. Bldg. Materials Corp. of Am. Asphalt Roofing Shingle Prod. Liab. Litig.*, No. 8-11-2000-JMC, 2013 WL 12152414, at *2 (D.S.C. June 17, 2013).

### III.   Discussion

Arch and Western World argue that BFS is collaterally and judicially estopped from amending its complaint by reason of a decision granting summary judgment to Charleston Exteriors and Hurley in the Underlying Action.

#### a.   Collateral and Judicial Estoppel

"Collateral estoppel precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding. *In re McNallen*,

62 F.3d 619, 624 (4th Cir. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). In determining the preclusive effect of a state-court judgment, the federal courts must, as a matter of full faith and credit, apply the forum state's law of collateral estoppel. *Id.* (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481–82 (1982); 28 U.S.C.A. § 1738). Under South Carolina law, collateral estoppel prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same. *Judy v. Judy*, 677 S.E.2d 213, 217 (S.C. Ct. App. 2009). The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment. *Id.* To invoke collateral estoppel, a party need not have also been a party in the prior action; the law only requires that the party against whom estoppel is applied have been a party to that action and had a full and fair opportunity to litigate the issue in the prior action. *S.C. Prop. Cas. Ins. Guar. Ass'n v. Wal-Mart Stores, Inc.*, 403 S.E.2d 625, 627 (S.C. 1991).

Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. *Minnieland Private Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co., Inc.*, 867 F.3d 449, 457 (4th Cir. 2017). "The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Id.* The Fourth Circuit has identified four elements that must be met before a court may apply judicial estoppel: (1) "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation;" (2) "the position sought to be estopped must be one of fact rather than law or legal theory;" (3) "the prior inconsistent position must have been accepted by the court;" and (4) "the party sought to be estopped must have

5

intentionally misled the court to gain unfair advantage." *Id.* (citing *Lowery v. Stovall*, 92 F.3d 219, 223–24 (4th Cir. 1996)).

### b. The Court in the Underlying Action Grants Charleston Exteriors and Hurley Summary Judgment on BFS's Crossclaims

On April 29, 2020, the state court hearing the Underlying Action granted summary judgment to Charleston Exteriors and Hurley on BFS's claims against said entities. (Dkt. No. 23-1) (attaching full order) (the "SJ Order"). The SJ Order notes that "Builders First-Source's cross-claims allege that they are entitled to be indemnified in the amount which Builders First-Source 'may pay in satisfaction' of Plaintiffs' claim 'plus Builders First-Source[sic] costs for defense, inclusive of attorneys' fees, without regard for the fault of either Hurley or Builders First-Source.'" The court then held that: (1) "no genuine issue as to any material fact [exists] and Hurley Services and Charleston Exteriors are entitled to judgment dismissing all cross-claims against it as a matter of law"; (2) BFS's "cross-claims [against Charleston Exteriors and Hurley] for breach of contract, breach of express and implied warranty, and negligence are merely disguised . . . claims for equitable indemnity and fail as a matter of law"; and (3) BFS's "cross-claims [against Charleston Exteriors and Hurley] for contractual indemnity are based on contractual provisions that are neither clear nor unequivocal, are against public policy and the laws of South Carolina, and thus, fail as a matter of law." (*Id.* at 3) (internal citations and quotation marks omitted).

On May 11, 2020, BFS moved for reconsideration of the SJ Order. (Dkt. No. 23-3) (attaching full copy of BFS's motion for reconsideration). It is undisputed that, to date, said motion has not been ruled on. In its motion for reconsideration, BFS disputes the court's conclusion that it seeks "recovery of payments made to the plaintiffs without regard to the fault of either [BFS] or its subcontractors" and states BFS seeks "recovery against subcontractors, not for payments in

satisfaction of the plaintiffs' claims, arising out of any negligence of [BFS] itself, but rather for recovery of attorney's fees, arising out of sole or concurrent negligent acts or omissions of its subcontractors in the performance of their work." (*Id.* at 12). BFS further disputes the court's finding that neither Charleston Exteriors nor Hurley was responsible for the construction defects on which the Underlying Action was premised.

### c. Analysis

Arch and Western World argue that: (1) BFS is judicially estopped from amending its complaint to seek indemnification from Arch and Western World for its settlement with the plaintiffs in the Underlying Action; and (2) BFS is collaterally estopped from bringing a cause of action for breach of contract against Charleston Exteriors and Hurley. (Dkt. No. 23). The Court finds both arguments unconvincing.

As it concerns judicial estoppel, the doctrine is inapplicable. In the instant action, BFS seeks to add allegations that Arch and Western World must, per the policies issued to Charleston Exteriors and Hurley, indemnify BFS as an additional insured for settlement with the plaintiffs of the Underlying Action. As described above, the SJ Order—which mentions neither Arch nor Western World nor the policies said entities issued to Charleston Exteriors and Hurley—does not adopt a factual position of BFS which directly contradicts BFS's proposed factual allegations. Therefore, the SJ Order does not judicially estop BFS from amending its complaint. *See Scott v. Land Span Motor, Inc.,* 781 F. Supp. 1115, 1120 (D.S.C. 1991) ("It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and *succeeds* in maintaining that position, he may not thereafter . . . assume a contrary position.") (emphasis added).

As it concerns collateral estoppel, the Court finds the argument untimely as the SJ Order is not yet entitled to preclusive effect. It is undisputed that BFS has filed a motion for reconsideration of the SJ Order and that said motion has not been ruled on. Because BFS's "motion to reconsider the judgment remains undecided . . . the state court action is not final" and "the doctrine of collateral estoppel does not" support denying BFS's motion to amend. *See Doherty v. PNC Mortg.*, No. CA 0:14-4013-TLW, 2015 WL 5012781, at *4 (D.S.C. July 16, 2015) (holding that plaintiff's motion for reconsideration of prior ruling, invoked by defendant as basis for collateral estoppel, rendered said ruling not final and application of collateral estoppel inappropriate), *report and recommendation adopted in part*, No. CIV.A. 0:14-4013-TLW, 2015 WL 5012823 (D.S.C. Aug. 21, 2015), *aff'd sub nom. Doherty v. PNC Mortg., a Div. of PNC Bank, NA*, 696 F. App'x 102 (4th Cir. 2017).

**IV.     Conclusion**

For the foregoing reasons, the Court **GRANTS** Plaintiff Builders FirstSource – Southeast Group, LLC's motion to amend (Dkt. No. 19).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
United States District Court Judge

July 23, 2020
Charleston, South Carolina