IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Builders FirstSource - Southeast Group, LLC, | ) ) ) | Civil Action No.: 2:20-CV-00654-RMG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **PLAINTIFF'S AMENDED AND SUPPLEMENTAL COMPLAINT** |
| Arch Specialty Insurance Company, Western World Insurance Company, Charleston Exteriors, LLC and Hurley Services, LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, Builders FirstSource - Southeast Group, LLC, (hereinafter "BFS") complaining of the Defendants herein, alleges as follows:

1. This is partially an action for declaratory relief initially brought pursuant to S.C. Code Ann. §§ 15-53-10 et seq. Now that the case has been removed by Defendants, Plaintiff seeks relief, in part, under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

2. In accordance with S.C. Code Ann. § 15-53-80, all of the parties herein are proper parties to this action in that each has or claims an interest that would be affected by the requested declaration.

3. Venue is appropriate in Charleston County, South Carolina, because the incidents at issue in the Underlying Action (defined herein) are alleged to have occurred in Charleston County, South Carolina.

4. BFS was at all times material hereto a duly organized and existing limited liability company doing business in Charleston County, South Carolina.

5.     Upon information and belief, Defendant Arch Specialty Insurance Company ("Arch") is an insurance company and/or corporation organized or existing under the laws of the State of Nebraska and at all times relevant herein was authorized to and was doing business in Charleston County and the State of South Carolina.

6.     Upon information and belief, Defendant Western World Insurance Company ("Western World") is an insurance company and/or corporation organized or existing under the laws of the State of New Jersey and at all times relevant herein was authorized to and was doing business in Charleston County and the State of South Carolina.

7.     Upon information and belief, Defendant Charleston Exteriors, LLC ("Charleston Exteriors") is a limited liability company duly organized and existing under South Carolina law and at all times relevant herein was doing business in Charleston County and the State of South Carolina.

8.     Upon information and belief, Defendant Hurley Services, LLC ("Hurley Services") though now dissolved, at all times relevant herein was a limited liability company duly organized and existing under South Carolina law and doing business in Charleston County and the State of South Carolina.

9.     Arch issued an insurance policy to named insured Charleston Exteriors, LLC, number AGL0011184-00, with a policy period of 3/26/2014 to 3/26/2015, a copy of which is attached hereto as Exhibit A and incorporated herein by reference ("Arch Policy").

10.    Western World issued insurance policies to named insured Hurley Services, LLC, numbers NPP1334835, NPP1354747, and NPP1379743, which were collectively effective 5/15/2012 to 5/15/2015 (collectively "Western World Policies"). A copy of the policy number

NPP1379743 is attached hereto as Exhibit B and incorporated herein by reference.

11. BFS has been sued in a construction defect case styled *Six Fifty Six Owners Association, Inc., et al. v. Windsor South, LLC, et al.*, brought in the Court of Common Pleas for Charleston County, South Carolina as case number 2016-CP-10-03455 (the "Underlying Action").

12. A copy of the operative complaint in the Underlying Action is attached hereto as Exhibit C and incorporated herein by reference for insurance coverage purposes only; BFS has denied and continues to deny any liability for the damages sought against it in the Underlying Action.

13. At the time this action was commenced the Underlying Action was ongoing and BFS sought, among other things, a declaration that Arch and Western World were duty bound to defend BFS in the Underlying Action.

14. Subsequent to the commencement of this action, BFS reached a settlement with the plaintiffs in the Underlying Action pursuant to which the claims made against BFS were released in exchange for the payment by BFS of the sum of One Hundred Thousand ($100,000.00) dollars, which amount was reasonable under the circumstances.

15. The work attributed to BFS on which the alleged liability of BFS in the Underlying Action is premised was actually performed by BFS subcontractors, Charleston Exteriors and Hurley Services, the named insureds in the Arch Policy and Western World Policies, respectively.

16. BFS qualifies as an additional insured under the Arch Policy and under the Western World Policies with respect to the Underlying Action.

17. BFS timely notified Arch and Western World of the Underlying Action and requested that each provide defense and indemnity with respect thereto.

18. In response to the tender made by BFS to Arch, by letter dated June 29, 2018, Arch agreed to defend BFS but since that time has neither provided a defense nor reimbursed BFS for costs incurred by it in defending and settling the Underlying Action.

19. In response to the tender made by BFS to Western World, by letter dated July 10, 2019, Western World acknowledged that BFS is an additional insured under one or more of the Western World Policies but wrongfully and in breach of its policy obligations denied any coverage to BFS and refused to provide a defense or indemnity to BFS of the Underlying Action.

20. The work performed by Charleston Exteriors and Hurley Services was pursuant to written contracts between them as "Subcontractor" and BFS as "Contractor" (the "Subcontracts"), each of which provided, in relevant part: "At all times while performing the Work, and continuing thereafter until the expiration of the applicable statute of limitations for any claims, Subcontractor will maintain for the benefit of itself and Contractor (and Owner, when requested), the following minimum insurance coverage: ... Commercial General Liability- $1,000,000 per occurrence, $1,000,000 products-completed operations aggregate, $1,000,000 general aggregate, and broad form contractual liability coverage to cover the indemnity obligations undertaken herein. ... Insurance policies shall (a) be issued by companies with a 'Best's Rating A' and a 'Financial Size Category of VIII'', (b) be on an 'occurrence' form, and (c) list Contractor and if requested, Owner, as additional insureds per Form CG 20 10 edition 11/85 or its equivalent on the General Liability and Automobile Liability Policies. For purposes of this additional insured requirement, the term 'equivalent' means coverage for liability arising

out of Subcontractor's Work performed for Contractor and includes both ongoing and products-completed operations coverage."

21.  Upon information and belief, the insurance policies issued by Arch and Western World that are at issue in this action meet the additional insurance requirements of the Subcontracts between BFS and Charleston Exteriors and Hurley Services. However, to the extent they do not, Charleston Exteriors and Hurley Services are in breach of their Subcontracts to provide insurance to BFS as an additional insured on insurance policies they were required to maintain.

FOR A FIRST CAUSE OF ACTION
(Declaratory Judgment)

22.  BFS repeats and incorporates by reference the preceding paragraphs.

23.  Arch and Western World have wrongfully failed or refused to accept BFS' claims for defense and indemnity and/or have reserved their rights to deny the claims; neither has agreed to provide a full defense of BFS in the Underlying Action as required by their policies.

24.  BFS has been required to retain counsel at its own expense to defend the claims against it in the Underlying Action and to prosecute indemnity claims against its subcontractors, Arch and Western World named insureds, who actually provided the work and services at issue in the Underlying Action.

25.  BFS has been required to expend its own funds to secure a settlement with the plaintiff in the Underlying Case, funds that should have been paid by Arch and/or Western World.

26.  BFS has also been required to retain the undersigned and is obligated to pay them a reasonable fee for their services.

27. As an additional insured under the Arch Policy and the Western World Policies BFS is entitled to the recovery of attorneys' fees, costs and expenses incurred in the present declaratory judgment action and in defense of the Underlying Action from Arch and Western World, jointly and severally.

28. BFS alleges, and asks that the Court find and declare, that

   a. That this Court has jurisdiction over the parties;

   b. That this Court has jurisdiction over the subject matter;

   c. That BFS is an additional insured under the Arch Policy and the Western World Policies by operation of an additional insured endorsement specifically naming BFS or a blanket additional insured endorsement;

   d. That Arch and Western World owed or owes a duty to defend BFS as an additional insured under their respective Policies from any and all claims asserted against BFS in the Underlying Action;

   e. That the Arch Policy and the Western World Policies were in full force and effect at all times relevant to the claims asserted by BFS herein;

   f. That the damages and/or claims referenced in the Underlying Action filed against BFS by any party therein represent covered losses under the Arch Policy and Western World Policies;

   g. That the damages and/or claims alleged by BFS against Charleston Exteriors and Hurley Services in the Underlying Action represent covered losses under the Arch Policy and Western World Policies;

   h. That no exclusions or other limitations of coverage contained in the Arch

Policy or Western World Policies are applicable to the claims against BFS in the Underlying Action or to the claims made by BFS against Charleston Exteriors and Hurley Services in the Underlying Action;

i. That by failing to defend BFS in the Underlying Action Arch and Western World have waived and/or are estopped from asserting any coverage defenses against BFS with respect to their coverage for the payment made in settlement by BFS to the plaintiffs in the Underlying Action;

j. That BFS is entitled to damages from Arch and Western World in the amount of the payment made in settlement by BFS to the plaintiffs in the Underlying Action;

k. That BFS is entitled to recovery of its defense attorneys' fees, costs and expenses BFS incurred in the defense of claims against it in the Underlying Action and in the prosecution of claims against Charleston Exteriors and Hurley Services;

l. That BFS is entitled to the recovery of its attorneys' fees, costs and expenses incurred and to be incurred in the prosecution of this action; and

m. That BFS is entitled to interest, both pre-judgment and post-judgment.

## FOR A SECOND CAUSE OF ACTION
(Breach of Contract)

29. BFS repeats and incorporates by reference the preceding paragraphs.

30. By agreeing to defend BFS in the Underlying Action but failing to do so, Arch has breached its contract to provide insurance to BFS as an additional insured.

31. By refusing BFS' tender of defense and indemnity in respect to the Underlying

Action, Western World has breached its contracts to provide insurance to BFS as an additional insured.

32.     Said breaches of contract by Arch and Western World have resulted in damage to BFS in the amount of attorneys' fees, costs and expenses, incurred in the Underlying Action and in this action, and in the payment made in settlement by BFS to the plaintiffs in the Underlying Action.

FOR A THIRD CAUSE OF ACTION<br>(Bad Faith)

33.     BFS repeats and incorporates by reference the preceding paragraphs.

34.     Arch and Western World owed a duty to fully and properly investigate BFS' claims and to defend and indemnify BFS from the claims against it in the Underlying Action covered under their policies.

35.     Arch and Western World owed a duty of good faith and fair dealing not only in the payment of BFS' claims arising out of the insurance contracts but also in the manner in which they were processed and handled.

36.     Arch and Western World each breached its duty of good faith and fair dealing, duty to defend, and duty to indemnify its insured, BFS, under the Arch Policy and the Western World Policies, by unreasonably failing to comply with its acknowledged/accepted defense obligation timely, failing to defend BFS, failing to accept BFS's tender for defense and indemnity, by denying coverage, and/or by failing to pay defense fees and costs properly due and owing.

37.     The failure or refusal of Arch and Western World to properly investigate, defend, indemnify, negotiate, and participate in the settlement of the Underlying Action on BFS's behalf,

or to take any actions to protect the interests of BFS, constitute bad faith towards BFS and proximately damaged BFS. Said conduct by Arch and Western World entitles BFS to an award of actual, consequential and punitive damages, together with an award of attorneys' fees.

FOR A FOURTH CAUSE OF ACTION<br>(Alternative Claim for Breach of Contract against Charleston Exteriors and Hurley Services)

38. BFS repeats and incorporates by reference the preceding paragraphs.

39. BFS has alleged, upon information and belief, that Arch and Western World issued one or more policies of insurance to Charleston Exteriors and Hurley Services that complied with the insurance requirements set forth in the Subcontract.

40. An insurance policy naming BFS as an additional insured as per Form CG 20 10 edition 11/85 or its equivalent would provide defense and indemnity to BFS with respect to the Underlying Action.

41. If and to the extent that Arch and/or Western World successfully disclaims a duty to defend or indemnify BFS with respect to the Underlying Action, BFS alleges as an alternative cause of action that Charleston Exteriors and/or Hurley Services are in breach of the Subcontracts they entered into with BFS.

42. Said breach by Charleston Exteriors and/or Hurley Services has resulted in damage to BFS in the amount of attorneys' fees, costs and expenses incurred in the Underlying Action and this action, together with the payment made in settlement by BFS to the plaintiffs in the Underlying Action.

WHEREFORE, Plaintiff demands trial by jury on all issues so triable and respectfully requests that this Court inquire into the matters above set forth, that it grant declaratory relief as to the rights of Plaintiff and the obligations of Arch and Western World, that it award money

damages to Plaintiff against Defendants for the damages described herein, including attorneys' fees, costs and expenses and interest, pre-judgment and post-judgment, and that it grant such other and further relief this Court deems just and proper.

                                         Respectfully submitted

                                         */s/ Keating L. Simons, III*
                                         Keating L. Simons, III
                                         Federal ID # 3846
                                         Simons & Dean
                                         147 Wappoo Creek Drive, Suite 604
                                         Charleston, SC 29412
                                         Telephone: 843-762-9132
                                         Fax: 843-406-9913
                                         Email: klsimons@simonsanddean.com

                                         Attorneys for Plaintiff

August 6, 2020
Charleston, South Carolina